**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| COREY FONDREN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23-CV-602 ACL |
| JOSHUWA MASON, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented plaintiff Corey Fondren commenced this civil action on May 5, 2023 against defendant police officer Joshuwa Mason for excessive force during his arrest on June 7, 2017. ECF No. 1. He did not, however, file a motion to proceed *in forma pauperis* or pay the Court's $402 filing fee. On May 10, 2023, plaintiff was directed to either file a motion to proceed without prepaying fees and costs or pay the filing fee. ECF No. 3. The Court cautioned plaintiff that his failure to timely comply with the Order would result in the dismissal of his case without further notice. Plaintiff's response was due by May 31, 2023.

To date, plaintiff has neither responded to the Court's Order, nor sought additional time to do so. Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." E.D.Mo. L.R. 2.01(B)(1). Plaintiff has neither paid the filing fee nor submitted a motion to proceed without prepayment. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice,

due to plaintiff's failure to comply with the Court's May 10, 2023 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

The Court further notes that this action is also subject to dismissal as duplicative. Plaintiff previously alleged the same claims he asserts here against the same defendant. *See Fondren v. White, et al.*, No. 4:18-cv-1102-JCH (E.D. Mo.) (filed July 5, 2018). In that case, plaintiff sued three St. Louis County Police Officers, including defendant Mason, for excessive force during his arrest on June 7, 2017. After full discovery and briefing, the Court issued summary judgment on behalf of all defendants on July 24, 2020. *Id.* at ECF 69. Plaintiff filed an appeal, and on May 25, 2021 the United States Court of Appeals for the Eighth Circuit affirmed the Court's summary judgment ruling. *Id.* at ECF No. 86. Subsequently, on June 2, 2022, plaintiff attempted to open a new case alleging the same claims against defendant Mason which were already litigated. *See Fondren v. Saul, et al.*, No. 4:22-cv-599-NCC. The action was dismissed as duplicative. *Id.* at ECF No. 3. Because plaintiff's § 1983 claims against defendant Mason have already been adjudicated on the merits, plaintiff cannot bring identical claims in this action. *See Midwest Disability Initiative v. Jans Enter., Inc.*, 929 F.3d 603, 607 (8th Cir. 2019) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of June, 2023.

                                            STEPHEN N. LIMBAUGH, JR.
                                          SENIOR UNITED STATES DISTRICT JUDGE